IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

FRANK ISOM,                          )
                                     )
    Plaintiff,               )
                                     )
vs.                                  )
                                     )   No. <u>05-2073 A/P</u>
ILLINOIS CENTRAL RAILROAD            )
COMPANY, d/b/a CANADIAN              )
NATIONAL ILLINOIS CENTRAL            )
RAILROAD COMPANY,                    )
                                     )
    Defendant.               )

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

---

Before the court by order of reference is plaintiff Frank Isom's Motion for Leave to Supplement Complaint filed June 30, 2008. (D.E. 88). On April 15, 2008, Illinois Central Railroad Company ("ICRC") filed a response, and on April 21, 2008, Isom filed a reply.

Although styled as a motion to supplement his complaint, Isom seeks leave of court to file an amended complaint to add claims for violations of Occupational Safety and Health Administration ("OSHA") regulations and for negligence *per se*. In its response brief, ICRC argues against the merits of those claims and contends that Isom has not provided evidence to support the claims. In his reply, Isom asserts that ICRC has not shown that it would be prejudiced by the amendment and that he has met his burden under Federal Rule of Civil Procedure 8 by filing a concise statement of

his claims.

Rule 15(a) provides that, after a responsive pleading is served, a party may amend its pleading with leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

ICRC does not argue undue delay, bad faith, undue prejudice, or futility. ICRC's arguments address the merits of the claims Isom seeks to add rather than the Rule 15 standard for amending a complaint. Therefore, the court concludes that, pursuant to the standards set forth in Rule 15, the motion is well taken and is therefore GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham

TU M. PHAM
United States Magistrate Judge


July 1, 2008

Date